UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT P. TAYLOR,

    Plaintiff,

v.

LVNV FUNDING, LLC and TRUEACCORD CORP.,

    Defendants.

_____/

CASE NO.: 8:22-cv-00996

**JURY TRIAL DEMANDED**

# COMPLAINT

NOW comes ROBERT P. TAYLOR ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of LVNV FUNDING, LLC ("LVNV") and TRUEACCORD CORP. ("TrueAccord") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions that gave rise to this action occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Hillsborough County, Florida, which is within the Middle District of Florida.

5. TrueAccord is an online debt collector that utilizes "a data driven debt collection platform powered by machine learning, digital first communications, and delivering great user experiences."[1] TrueAccord is a corporation organized under the laws of the state of Delaware and its principal place of business is located at 303 Second Street, Suite 750 South, San Francisco, California. TrueAccord utilizes e-mail and other electronic media to collect upon debts owed by consumers throughout the United States, including those in the state of Florida.

---

[1] https://www.trueaccord.com/

6. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

7. LVNV is TrueAccord's principal. Consequently, LVNV is liable for TrueAccord's actions as it exercises control over TrueAccord's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendants' attempts to collect upon a personal credit card debt ("subject debt") from Plaintiff.

---

[2] http://www.lvnvfunding.com/

11. Upon information and belief, LVNV purchased the subject debt and subsequently assigned the subject debt to TrueAccord, a third-party debt collector, for collection purposes.

12. Prior to the filing of the instant lawsuit, Plaintiff was sued for the outstanding balance of the subject debt.

13. Thereafter, a judgement was entered against Plaintiff for the outstanding balance of the subject debt.

14. Plaintiff's wages were garnished for multiple months in order to fully satisfy the subject debt.

15. The judgment against Plaintiff was fully satisfied and Plaintiff no longer owes the subject debt.

16. Yet, around April 2022, TrueAccord began its collection campaign by contacting Plaintiff even though Plaintiff had already satisfied the subject debt.

17. TrueAccord, on behalf of LVNV, e-mailed its collection correspondences to Plaintiff's personal e-mail.

18. Upon communicating with TrueAccord, Plaintiff was informed of its intent to collect upon the subject debt.

19. Defendants represented that they could collect upon a debt that is not owed by initiating their collection campaign shortly after Plaintiff satisfied the judgment against him.

20. Moreover, Defendants continued to attempt to collect upon the subject debt even after Plaintiff informed them that he had already fully satisfied the subject debt.

21. Frustrated over Defendants' conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

23. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendants identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);

> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendants violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by employing deceptive means to attempt to collect upon the subject debt. Defendants acted deceptively when they represented that they could collect upon a debt that Plaintiff does not owe as he fully satisfied the judgment against him. Moreover, the deceptive nature of Defendants' collection campaign is highlighted their continued attempts to collect upon the subject debt even after Plaintiff informed them that the debt was already satisfied. Defendants' actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendants violated §1692f when they unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendants acted unfairly when they attempted to collect upon a debt that Plaintiff had already satisfied through months of his wages being garnished.

34. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff, ROBERT P. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

35. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

36. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

37. At all times relevant to this action Defendants are subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

38. At all times relevant to this Complaint, Defendants were and are "person[s]" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

39. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

40. Defendants violated sections 559.72(9) of the FCCPA through their unlawful conduct.

    a. **Violations of FCCPA, § 559.72(9)**

41. A person violates section 559.72(9) of the FCCPA when it claims, attempts, or threatens to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

42. Defendants violated section 559.72(9) of the FCCPA when they used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendants to represent that they had the right to collect upon a debt that is no longer owed by Plaintiff. Defendants' tactics only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, ROBERT P. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendants;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendants from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: April 28, 2022                    Respectfully Submitted,

<u>/s/ Alejandro E. Figueroa</u>
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Florida Bar No. 1021163
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com